# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2684

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Torian Taliaferro, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2005
Filed: May 16, 2005

_____

Before BENTON, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Torian Taliaferro pleaded guilty to two drug counts and a firearm charge. During the plea colloquy held on the Friday before trial, Taliaferro expressed some reluctance because of "some miscommunication or something" with his attorney regarding the possible sentence, and Taliaferro asked for "a public defender or something to just look over everything." The district court[*] gave Taliaferro and his attorney time for a meeting. During the meeting, Taliaferro, his attorney, his family, and government counsel discussed the possibility of a reduced sentence if Taliaferro

_____

[*]The Honorable Jean C. Hamilton, United States District Court for the Eastern District of Missouri.

cooperated with the government. When Taliaferro returned to the courtroom, he indicated he was willing to plead guilty. The district court then resumed the colloquy, which made clear Taliaferro understood what he was doing, he was not promised anything or pressured, he understood his rights and the punishment options, and he was satisfied with his attorney. Based on Taliaferro's responses during the colloquy, the district court found Taliaferro's guilty plea was knowing and voluntary, and thus accepted the written plea agreement.

On appeal, Taliaferro first contends the district court should have granted him new counsel. Because Taliaferro failed to show a justifiable dissatisfaction with his attorney, the district court was not required to provide Taliaferro with new counsel or a second hearing to delve into the minor miscommunication problem. See United States v. Long Crow, 37 F.3d 1319, 1324 (8th Cir. 1994); United States v. Armstrong, 112 F.3d 342, 345 (8th Cir. 1997). Taliaferro never alleged a conflict of interest, an irreconcilable conflict, or a total breakdown of communication, see id., and in both the colloquy and the written plea agreement, Taliaferro expressed his satisfaction with his attorney's representation.

Taliaferro also argues his guilty plea was not knowing and voluntary because he felt rushed and pressured. In responding to the district court during the plea colloquy, however, Taliaferro indicated he knew the crimes to which he was pleading guilty, their corresponding punishments, and the rights he waived by pleading guilty. Further, Taliaferro admitted he was not forced, coerced, or threatened to plead guilty. Taliaferro thus made a voluntary and intelligent choice among the alternative courses of action.

Accordingly, we affirm Taliaferro's conviction.

_____